# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN DOE,
       Plaintiff,

      v.

WESLEYAN UNIVERSITY,
       Defendant.

No. 3:14-cv-1735 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

In a ruling and order issued on August 20, 2015, (doc. # 30) I denied the plaintiff's motion to proceed under a pseudonym. He subsequently filed a motion for reconsideration (doc. # 33). He bases his request for reconsideration on three grounds, arguing that: (1) I overlooked relevant decisions and data; (2) he can provide new evidence that did not exist at the time of the initial request; and (3) denying him the protection of a pseudonym will cause manifest injustice.

The standard for granting motions for reconsideration is strict: such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is improper when used to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478). The plaintiff has not met that high bar. He has not identified any controlling decision that I overlooked, nor has he

presented any new evidence that compels a change in the ruling, nor indicated a clear error or manifest injustice. Accordingly, the motion must be denied.

The plaintiff cites various cases from different jurisdictions and characterizes them as "relevant" authority for allowing the privacy interests of a plaintiff to prevail against the public's interest in disclosure. None of those cases is controlling, but even if they were, my ruling is not inconsistent with them. I agree that, in extraordinary circumstances, allowing a plaintiff to proceed anonymously can be justified; this case does not present such circumstances, and none of the cases that the plaintiff cites are factually analogous to this one. As I wrote in the ruling, "[t]his is not a case of a plaintiff who must admit to sensitive or embarrassing conduct, or to a demeaning private harm, in order to pursue his claims; on the contrary, the plaintiff claims he was wrongfully accused and publicly harmed. He ostensibly seeks to *vindicate* his name, which he claims the defendant besmirched, and the nature of the allegations alone is not sufficient cause to conceal it" (doc. # 30, at 3).

The plaintiff also notes that he is fearful of retaliation should his name come to light. In support of that assertion, he submits the declaration of his current employer, which expresses a preference that he not be publicly associated with this case. That preference, though no doubt sharply felt by the plaintiff, is not evidence of retaliation. And as I indicated in the ruling, many civil litigants genuinely fear retaliation, but they are not routinely permitted to litigate anonymously. The facts in this case do not rise to the level of overcoming the presumption in favor of open proceedings and public disclosure. Moreover, whatever risk is attendant to being publicly associated with this case is not ultimately avoidable, especially in light of the fact that the plaintiff's identity is presumably already known to all interested parties in the original controversy and is easily discoverable to a much larger community associated with his school—a

risk that is surely increased by any efforts to publicize the case, as, for instance, in the BuzzFeed.com article that Wesleyan attaches to its opposition, in which the plaintiff, under an assumed name, presented a detailed account of his side of the relevant events (doc. # 35-10). Wesleyan is required to defend itself publicly, and the plaintiff has not established that the circumstances warrant affording him alone the advantage of anonymity.

Although the original controversy is embarrassing to the plaintiff and could expose him to negative public opinion, the nature of the allegations does not outweigh the public's interest in disclosure, and the plaintiff makes no argument that would alter my ruling. The motion for reconsideration is therefore denied. If he wishes to proceed with his claims, the plaintiff shall file an amended and properly captioned complaint within ten days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of November 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge